Citation Nr: 1554533 
Decision Date: 12/31/15 Archive Date: 01/07/16

DOCKET NO. 13-24 829 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Houston, Texas


THE ISSUE

Entitlement to an initial rating in excess of 10 percent for a low back disability.


ATTORNEY FOR THE BOARD

Eric Struening, Associate Counsel


INTRODUCTION

The Veteran had active duty service from April 2000 to January 2004.

This case comes before the Board of Veterans (Board) on an April 2012 appeal from a rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Houston, Texas that granted service connection for degenerative disc disease, lumbar spine and assigned a 10 percent disability rating, effective May 31, 2011. In May 2015 the Board denied entitlement to an earlier effective date for the grant of service connection for such disability and remanded the issue of increased rating for such disability, specifically to schedule a new VA examination to determine the current severity of her low back disability.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

In May 2015, the Board found that the Veteran was last afforded a VA examination for her low back in March 2012. The Board remanded the case for the Veteran to receive a new VA examination to determine the level of current severity of her low back disability. Examinations were scheduled in June 2015, August 2015, and September 2015 at the Houston VA Medical Center. While the Veteran failed to show to all three examinations, it appears the notification was sent to the wrong address.

The Veteran is responsible for providing VA with notice of her most current address. On her substantive appeal, received in August 2013, she provided her current address. However, she reports she did not receive notices for the VA examinations scheduled in June 2015, August 2015, and September 2015. In a September 2015 telephone conversation, the Veteran informed the Appeals Management Center that she did not receive any notice or calls to reschedule the June and August exams. The Compensation and Pension Exam Inquiries that document her failure to report for these examinations do not show the Veteran's current address. Instead, they appear to reflect an address that is similar, but contains multiple, critical typographical errors. The Veteran's (correct) current address can be found in multiple locations in the record, including the August 2013 VA Form 9 (Appeal to Board of Veterans' Appeals) and in her VBMS profile.

Accordingly, the case is REMANDED for the following action:

1. Please take all appropriate measures to correct the Veteran's address in the VHA databases, particularly those used to schedule Compensation and Pension examinations.

2. Please schedule the Veteran for an appropriate VA examination to determine the severity of her low back disability. The record should document that the Compensation and Pension Exam Inquiries records include her correct, current address. The examiner should respond to the following:

a. Measure and record all subjective and objective manifestations of the Veteran's low back disability.

b. Provide an opinion (in degrees) of the additional limitation of motion due to pain, weakness, fatigue, incoordination, or other factors during flare-ups from the Veteran's low back disability.

If the examiner is unable to provide a response without resorting to mere speculation, reasons for this inability should be provided. The examiner is advised that the Veteran and other lay witnesses are competent to report observable symptoms, including but not limited to limitations during flare-ups, and these reports must be considered in formulating an opinion.

If the examiner rejects the Veteran's lay reports, a reason must be provided; this cannot be due solely to a lack of medical documentation, although this may be considered with the other evidence.

3. If any benefit sought on appeal remains denied, issue a supplemental statement of the case before returning the case to the Board for further review, if otherwise in order.

The appellant has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).




_________________________________________________
M.C. GRAHAM
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).